UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 1:17-cv-10590

STELLA AFTANDILIAN,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)　　PLAINTIFF CLAIMS
v.　　　　　　　　　　　　　　　)　　TRIAL BY JURY
　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　)
EMCOR GOVERNMENT SERVICES,　　 )
INC., OTIS ELEVATOR COMPANY a/k/a )
OTIS ELEVATOR SERVICE COMPANY　)
and BAYLINE LIFT TECHNOLOGIES, )
LLC,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　 )

## COMPLAINT

## PARTIES AND FACTS

1. The plaintiff Stella Aftandilian resides in Weston, Massachusetts.

2. The United States of America owns, controls and at all times pertinent hereto maintained the premises at the Moakley Courthouse, Boston, Massachusetts.

3. The defendant Emcor Government Services, Inc. ("Emcor") is a foreign corporation with a principal place of business at 2800 Crystal Drive, Suite 600, Arlington, Virginia 22202 but is registered to do business in Massachusetts.

4. The defendant Otis Elevator Corporation a/k/a Otis Elevator Service Company ("Otis") is a foreign corporation with a principal place of business at One Carrier Place, Farmington, Connecticut 06032 but is registered to do business in Massachusetts.

5. The defendant Bayline Lift Technologies is a foreign LLC with a principal place of business at 249 E. Little Creek Road, Suite 203, Norfolk, Virginia 23505, but is subject to jurisdiction pursuant to the Massachusetts Long Arm Statute.

6. The defendants Emcor, Otis and Bayline were, at all times pertinent hereto, engaged in servicing, testing, inspection and maintaining the elevator at the Moakley Courthouse, Boston Massachusetts.

7. On or about November 8, 2014, the plaintiff was attending a dinner at the Moakley Courthouse and was a lawful visitor at the premises.

8. At the aforesaid time and place, the plaintiff was severely injured when she was struck by an elevator door as she was entering the elevator and was thrown to the ground.

9. On or about October 21, 2016, the plaintiff served on the United States, through the Government Services Administration, a claim for injury under the Federal Tort Claims Act. See "Exhibit A".

10. On or about January 10, 2017, the United States, through the Government Services Administration, denied the claim. See "Exhibit B".

11. As a result of the incident, the plaintiff sustained severe injuries, including a concussion and numerous other injuries. She has continuing problems with her balance and gait and requires a walker for mobility.

12. As to the United States, jurisdiction is based on the Federal Tort Claims Act, 28 USC § 1346(b)(1).

13. As to the remaining defendants, jurisdiction is based on diversity of citizenship and an amount in controversy in excess of jurisdictional limits.

## CAUSES OF ACTION

## COUNT I (UNITED STATES)

14. The plaintiff repeats and reavers the allegations of Paragraphs 1-13.

15. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:

    a. Defendant negligently repaired and maintained the elevator;
    b. Defendant negligently tested and inspected the elevator;
    c. Defendant negligently exposed persons on the premises to unreasonable hazards due to the dangerously defective elevator located at the premises;
    d. Defendant negligently failed to equip its elevator with an adequate door reopening device.

16. As a direct and proximate result of the defendant's negligence, the plaintiff sustained severe injuries including but not limited to concussion, vertigo and other injuries. She has had extensive medical treatment and will require treatment in the future. She suffers from post-concussion syndrome, problems with gait and balance, and limited mobility.

WHEREFORE, plaintiff demands judgment in the amount of $3,500,000.00 against the defendant, together with interest and costs.

## COUNT II (EMCOR)

17. The plaintiff repeats and reavers the allegations of Paragraphs 1-13 herein.

18. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:

    a. Defendant negligently repaired and maintained the elevator;
    b. Defendant negligently tested and inspected the elevator;
    c. Defendant negligently exposed persons on the premises to unreasonable hazards due to the dangerously defective elevator located at the premises;
    d. Defendant negligently failed to equip its elevator with an adequate door reopening device.

19. As a direct and proximate result of the defendant's negligence, the plaintiff sustained severe injuries including but not limited to concussion, vertigo and other injuries. She has had extensive medical treatment and will require treatment in the future. She suffers from post-concussion syndrome, problems with gait and balance, and limited mobility.

    WHEREFORE, plaintiff demands judgment against the defendant, together with interest and costs.

## COUNT III (OTIS)

20. The plaintiff repeats and reavers the allegations of Paragraphs 1-13 herein.

21. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:

    a. Defendant negligently repaired and maintained the elevator;
    b. Defendant negligently tested and inspected the elevator;
    c. Defendant negligently exposed persons on the premises to unreasonable hazards due to the dangerously defective elevator located at the premises;
    d. Defendant negligently failed to equip its elevator with an adequate door reopening device.

22. Defendant was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of elevators including the elevators in the Moakley Courthouse.

23. Defendant expressly and impliedly warranted to plaintiff and to the general public that said product was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Such unfitness included but was not limited to the adequacy of the door opening device. Plaintiff relied on the warranties made by defendant and plaintiff sustained injury as the direct and proximate result of the breaches of warranties by defendant. Due notice has been given defendant of its breaches of warranty.

24. As a direct and proximate result of the defendant's negligence and breach of warranty, the plaintiff sustained severe injuries including but not limited to concussion, vertigo and other injuries. She has had extensive medical treatment and will require treatment in the future. She suffers from post-concussion syndrome, problems with gait and balance, and limited mobility.

   WHEREFORE, plaintiff demands judgment against the defendant, together with interest and costs.

## COUNT IV (BAYLINE)

25. The plaintiff repeats and reavers the allegations of Paragraphs 1-13 herein.

26. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:

    a. Defendant negligently repaired and maintained the elevator;
    b. Defendant negligently tested and inspected the elevator;
    c. Defendant negligently exposed persons on the premises to unreasonable hazards due to the dangerously defective elevator located at the premises;
    d. Defendant negligently failed to equip its elevator with an adequate door reopening device.

27. As a direct and proximate result of the defendant's negligence, the plaintiff sustained severe injuries including but not limited to concussion, vertigo and other injuries. She has had extensive medical treatment and will require treatment in the future. She suffers from post-concussion syndrome, problems with gait and balance, and limited mobility.

   WHEREFORE, plaintiff demands judgment against the defendant, together with interest and costs.

   PLAINTIFF CLAIMS TRIAL BY JURY.

                                              The Plaintiff,
                                              By Her Attorneys,


                                              /s/Alan L. Cantor_____
                                              James Swartz, BBO#556920
                                              Alan L. Cantor, BBO #072360
                                              Swartz & Swartz, P.C.
                                              10 Marshall Street
                                              Boston, MA 02108
Dated: April 5, 2017                          (617) 742-1900